# Leard, Appellant, v. Pennsylvania Railroad Company.

*Negligence — Railroad companies — Passengers on platform — Death—Contributory negligence—Nonsuit.*

A nonsuit was properly entered in an action to recover damages for the death of plaintiff's husband, where it appeared that dece-

dent had been dozing in a station, that being apprised that the train was coming, he rushed out upon the platform and while still in a dazed condition was struck by the pilot beam of the approaching locomotive, particularly where it appeared that the train was visible for six hundred feet, that its headlight was burning, and that there were six lights about the station.

Argued Sept. 25, 1916. Appeal, No. 159, Oct. T., 1916, by plaintiff, from final order of C. P. Armstrong Co., March T., 1915, No. 43, refusing to take off nonsuit, in case of Emily M. Leard v. Pennsylvania Railroad Company, a corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before KING, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*H. A. Heilman,* with him *C. E. Harrington,* for appellant.

*Orr Buffington,* with him *O. W. Gilpin,* for appellee.

PER CURIAM, January 8, 1917:

The nonsuit which the court below refused to take off, was entered on the ground of the contributory negligence of the plaintiff's deceased husband. On the evening of October 20, 1914, he was waiting at a station of the defendant company for the purpose of becoming a passenger on one of its trains. At about 8:30 he was seen dozing in the station room, and dozed on until the train

was heard coming. Some one called to him, telling him of its approach. He seized his valise, rushed out to the platform along the railway track, and was struck by the pilot beam of the locomotive of the train he intended to take. At the point where he was struck the approaching train could have been seen for six hundred feet; the headlight of the locomotive was burning, and there were six lights about the station. The case as presented in the court below was one of lamentable disregard of care by the deceased, obviously due to his dazed condition when he was aroused from his doze. His own carelessness having clearly contributed to his death, his widow is without remedy against the appellee: Penna. R. R. Co. v. Bell, 122 Pa. 58.

Judgment affirmed.